### N. A. GREEN v. W. M. RITTER LUMBER COMPANY ET AL.

(Filed 21 December, 1921.)

1. **Employer and Employee—Master and Servant—Safe Place to Work—Negligence—Evidence—Motions—Nonsuit—Trials.**

   Where there is evidence tending to show that the plaintiff was injured while in the scope of his employment, by the neglect of the defendant in not furnishing him sufficient help and proper appliances, which resulted in the personal injury complained of in the action, a motion as of nonsuit thereon by the defendant is properly denied.

2. **Appeal and Error—Instructions—Contentions—Objections and Exceptions.**

   Objections to the statement of the contentions of the parties by the judge in his charge to the jury must be taken at some appropriate time during the charge or at its conclusion, to afford the trial judge opportunity for correcting errors he may have made therein, in order that an exception thereto may be considered on appeal.

APPEAL by defendants from *Bryson, J.,* at July Term, 1921, of SWAIN.

Civil action to recover damages for an alleged negligent injury to plaintiff while working at the defendant's planing mill on 10 January, 1920.

There was evidence, adduced on the trial, tending to show that the planing machine at which the plaintiff did his work was defective and unsafe; that he was required to operate it without sufficient help or

assistance; that, for the want of a helper to bear off the strips and boards, they were allowed to accumulate around the planer, causing it to stall and rendering it necessary for the plaintiff to make certain adjustments; that, in his effort to remedy this situation, made more hazardous by reason of the conditions above stated, coupled with a worn and defective wrench, which he was required to use, his hand was caught in the revolving knives and painfully and permanently injured.

The usual issues of negligence, contributory negligence, and damages were submitted to the jury, and answered by them in favor of the plaintiff. From the judgment rendered thereon the defendants appealed.

*Thurman Leatherwood and Felix E. Alley for plaintiff.*
*S. G. Bernard and S. W. Black for defendants.*

STACY, J. The defendants rely chiefly upon their motion for judgment as of nonsuit; but, under the principle announced in *Steeley v. Lumber Co.,* 165 N. C., 27; *Pigford v. R. R.,* 160 N. C., 93, and numerous other cases to like import, we think the evidence was sufficient to require its submission to the jury and to warrant a verdict in favor of the plaintiff.

The remaining exception is directed to a portion of his Honor's charge in which he undertakes to state the plaintiff's contentions. Defendants say the contentions of their adversary were overstated, or stated too strongly; that they were not supported by the evidence, and that they were given in an argumentative form. We have examined the charge with a view of determining whether the defendants could have been prejudiced in any degree by the manner in which the contentions were given, but we have found nothing upon which to base any criticism. On the other hand, the charge as a whole seems to have been fair, impartial, and exceptionally clear. Furthermore, this exception comes within the well settled rule that objections to the statement of contentions must be made at some appropriate time during the charge or at its conclusion. This requirement is a reasonable one, and has been adopted so that the trial court may be given an opportunity to correct any error in the respect indicated. *S. v. Hall,* 181 N. C., 527; *McMahan v. Spruce Co.,* 180 N. C., 636, and cases there cited.

We have discovered no sufficient reason for disturbing the verdict and judgment.

No error.