### STATE v. A. E. JONES.

(Filed 10 September, 1924.)

**1. Homicide—Murder—Evidence—Trials—Manslaughter.**

Upon the trial of a homicide there was evidence tending to show that the deceased was an employee of the prisoner, and the latter on his premises reproached him for going late to his work, and then followed him therefrom and struck him with a stick, which caused his death; and *per contra* that the deceased had a temper which was easily aroused, and given to violence, and on this occasion attacked the prisoner with his knife, who then struck the fatal blow in self-defense: *Held,* sufficient to sustain a verdict of manslaughter.

**2. Same—Instructions—Self-Defense.**

Under the evidence in this case: *Held,* an instruction was not erroneous, that if the jury found beyond a reasonable doubt that the defendant voluntarily and intentionally struck the fatal blow, nothing else appearing, he would be guilty of murder in the second degree; and that it would be incumbent upon him to satisfy the jury from all the evidence of facts that would mitigate it to manslaughter or justify the plea of self-defense.

3. **Appeal and Error — Instructions — Objections and Exceptions — Verdict—Contentions.**

An exception to the statement of the contention of the parties after verdict comes too late to be considered on appeal.

4. **Instructions—Appeal and Error—Objections and Exceptions.**

Exceptions to parts of the instructions of the judge to the jury will be considered with reference to the relevant parts as a whole, and when no prejudice thus is found, it is not a ground for reversible error.

INDICTMENT for murder of one Alfred Ferrebee, tried before *Devin, J.,* and a jury, at March Term, 1924, of PASQUOTANK.

The cause was submitted on the question of murder in the second degree, of manslaughter, or excusable homicide under a claim of self-defense. Defendant was convicted of manslaughter and sentenced to the State Prison for a term not less than two nor more than five years. From which said judgment defendant appeals, assigning errors.

*Attorney-General Manning, Assistant Attorney-General Nash, and Ehringhaus & Hall for the State.*

*W. I. Halstead, W. L. Cohoon, and Aydlett & Simpson for defendant.*

HOKE, C. J. There was evidence on the part of the State tending to show that deceased had been and was in the employ of the prisoner, and on the evening of 20 December, 1923, about six o'clock, the deceased went to the home of the prisoner and being in the house asked for the money due him and another employee, which was given him. That the prisoner then reproached deceased about getting too late to his work and an altercation then ensued, whereupon prisoner ordered deceased from his premises. The latter replied that he would go, and turned to leave, going out of the fence and gate which enclosed the yard and home proper, and out of a second gate into an opening which led to the State highway. That the prisoner pursued him into this outer space, struck him a blow on the head with a large stick which felled him to the ground, and from the effects of which, after lingering, he died three days later.

There was evidence from the prisoner tending to show that the deceased was a man who easily became enraged and when aroused was much given to violence. That on this occasion, having become angered, he was very abusive and prisoner ordered him off. That he turned to go, and prisoner following to see that he left the premises, when they had passed the outer gate, the deceased turned on the prisoner with a knife and the latter struck the fatal blow in his necessary self-defense.

STATE *v.* JONES.

In a comprehensive, correct and intelligent charge, the opposing views were submitted to the jury, and rejecting the prisoner's plea of self-defense and the evidence offered in its support, they have convicted defendant of the crime of manslaughter, and we find nothing to justify us in disturbing the results of the trial.

The first exception is to a portion of his Honor's charge containing a statement of certain facts in evidence bearing on the prisoner's claim of self-defense, the objection being that it expresses an erroneous estimate of these facts to the prisoner's prejudice. An examination of the record, however, will disclose that the court was merely stating a contention of the State in reference to the matter, and the general rule is that such exception should be made at some appropriate time during the trial and is never available when presented for the first time after verdict. *S. v. Barnhill,* 186 N. C., 446; *S. v. Baldwin,* 184 N. C., 789; *Green v. Lumber Co.,* 182 N. C., 681; *S. v. Hall,* 181 N. C., 527.

The defendant excepts further to portions of his Honor's charge as follows: "If you find from the evidence beyond a reasonable doubt that the defendant struck the deceased with a club or stick, and inflicted the wound and fractured the skull, from which the deceased thereafter died, and that this was done intentionally, that it was a voluntary act on the defendant's part, then nothing else appearing, he would be guilty of murder in the second degree, and it would then be incumbent upon the defendant to satisfy the jury from all the evidence of facts that would mitigate it to manslaughter or would excuse it altogether upon the plea of self-defense." (And in the third exception, the court tells the jury:) "That if you should find beyond a reasonable doubt that he struck the blow with a stick or club and inflicted the wound which produced death, and this was done intentionally, nothing else appearing, it would be your duty to return a verdict of guilty of murder in the second degree."

These statements are in exact accord with our decisions on the subject, *S. v. Miller,* 185 N. C., 679; *S. v. Benson,* 183 N. C., 795; and when considered in connection with his Honor's full and correct references to the prisoner's plea of self-defense, the law bearing thereon, and the evidence offered to support it, could have worked no possible prejudice to the prisoner.

In our opinion the cause has been correctly and fairly tried, and no valid exception appearing in the record, the judgment below is affirmed.

No error.