STACY, C.J., dissenting; CLARKSON, J., concurring in the dissenting opinion.
The evidence submitted to the jury upon the second trial of this action, had in consequence of the disposition of defendant's appeal from the judgment rendered at the first trial, in the Superior Court of Cabarrus County, to the Spring Term, 1925, of this Court, as reported in189 N.C. 639, was substantially the same as that upon the former trial. Assignments of error upon this appeal are based upon exceptions to instructions given by the court in the charge to the jury, and also upon exceptions to the failure of the court to give certain instructions requested by defendant in writing. There was evidence upon both trials supporting defendant's contention that he killed deceased in self-defense, and that, therefore, the homicide was justifiable, or at least excusable. Defendant complains that upon the last trial, as upon the former, the jury was not instructed fully and correctly as to the principles of law applicable to the facts as the jury should find them from the evidence. He contends that upon these facts, notwithstanding his admission that he killed deceased with a deadly weapon, he is not guilty, as charged in the indictment, for that he killed deceased in self-defense.
We said in the opinion upon the former appeal that there was no substantial evidence on the record tending to show that defendant had provoked the difficulty with deceased, or had entered into it willingly. It may be conceded that there was some evidence on the second trial, tending to contradict the testimony of defendant, as a witness in his own behalf, and to support the contentions of the State, which was not offered at the former trial; there is no evidence, however, from which the jury could have found that there was a fight or mutual combat between defendant and deceased, at any time before the fatal shots were fired by defendant. The evidence relied upon by defendant, consisting chiefly of his own testimony, was identical on both trials. Upon the former appeal, in view of defendant's evidence, we held that it was error, entitling defendant to a new trial, for the court to fail to instruct the jury, although not requested to do so, by prayer for special instruction, that the right of self-defense may be restored to a defendant, although he provoked the difficulty, or entered into it willingly, if the jury shall find that during the progress of the fight, which followed the difficulty, he quit the combat, in good faith, and gave notice to his adversary of such action on his part. This principle is well settled, and in view of the instruction given to the jury by the court on the former *Page 3 
trial that defendant could not rely upon the plea of self-defense if he provoked his adversary to the fight, or entered into it with him willingly, it was held that it was error for the court to fail to so instruct the jury, notwithstanding there was no substantial evidence from which the jury could find facts to which these principles of law are applicable. S. v.Jones, 188 N.C. 142; S. v. Moore, 185 N.C. 637; S. v. Baldwin, 184 N.C. 789;S. v. Robinson, 181 N.C. 552; S. v. Finch, 177 N.C. 599; S. v.Crisp, 170 N.C. 785; S. v. Kennedy, 169 N.C. 326; S. v. Pollard,168 N.C. 116; S. v. Cox, 153 N.C. 638; S. v. Garland, 138 N.C. 678, 30 C. J., p. 53, sec. 223.
Upon the trial below, resulting in the judgment from which defendant has again appealed, the court instructed the jury as follows:
"If the defendant has shown to your satisfaction by any evidence in the case that he was at a place where he had a right to be, and that he was assaulted, that a felonious assault was being made upon him, that is, an assault with intent to kill, a murderous assault was actually being made upon him, and that he had reasonable grounds to believe and did believe that he was about to suffer death or great bodily harm at the hands of deceased, then, in that event, the law says that he could stand his grounds and meet force with force, and use such force as appeared reasonably necessary to him to repel the assault, and to protect himself from death or great bodily harm, without being guilty of any crime whatever."
Defendant excepted to this instruction, contending that there was error in that the court unduly limited defendant to the use of such force only as was required to repel the assault of deceased upon defendant, by meeting with like force the force exerted by deceased; defendant insists that in view of the evidence, the court should have further instructed the jury that if they found that defendant believed and had reasonable grounds to believe that it was necessary for him to shoot deceased before he got within striking distance of defendant, with the axe, defendant had a right, in self-defense, to shoot deceased with his pistol, and that although the wounds inflicted by defendant upon deceased with the pistol were fatal, defendant was not guilty, under the indictment, and that the jury should so say by the verdict.
This Court said, in S. v. Lucas, 164 N.C. 471: "It is held for law in this State that when an unprovoked and murderous assault is made on a citizen, he is not required to retreat, but may stand his ground, and take the life of his assailant, if it is necessary to do so, to save himself from death or great bodily harm." S. v. Hough, 138 N.C. 663; S. v.Blevins, 138 N.C. 668; S. v. Dixon, 75 N.C. 275, are cited in support of this statement of the law. In the last cited case, it is said: "The general rule is that one may oppose another attempting the *Page 4 
perpetration of a felony, if need be, to the taking of the felon's life; as in the case of a person attacked by another, intending to murder him, who thereupon kills his assailant. He is justified." 2 Bish. Cr. Law, sec. 632. Again it is said: "A man may repel force with force, in defense of his person, habitation or property, against one who manifestly intends or endeavors, by violence or surprise, to commit a known felony, such as murder, rape, burglary, robbery and the like, upon either. In these cases, he is not obliged to retreat, but may pursue his adversary, until he has secured himself from all danger; and if he kill him in so doing, it is called justifiable homicide." 1 East P. C., 271; 2 Bish. Cr. Law, sec. 633.
In S. v. Johnson, 184 N.C. 637, Justice Walker, writing for the Court, says: "It all comes to this, that if the jury find that the prisoner did not fight willingly, except in the sense that he was compelled to do so in order to defend himself, and was himself without fault, and he was feloniously or murderously attacked by the deceased, so that it reasonably appeared to him and he believed, that his life was in danger, or that he was about to receive great bodily harm, his right of self-defense was in such case, if found by the jury, complete and justifiable, and if he slew his adversary under such circumstances, the jury should acquit him."
In S. v. Hill, 141 N.C. 769, it is said: "It is true, as a general rule, or under ordinary circumstances, that the law does not justify or excuse the use of a deadly weapon to repel a simple assault. The principle does not apply, however, where from the testimony it may be inferred that the use of such weapon was or appeared to be reasonably necessary to save the person assaulted from great bodily harm — such person having been in no default in bringing on or unlawfully entering into the difficulty. This was held in S. v. Mathews, 78 N.C. 523."
The evidence submitted to the jury tended to show that defendant at the time of the homicide was 65 years of age, and weighed about 150 pounds; that deceased was 41 years of age, and weighed about 200 pounds. Defendant lived alone on his farm, about six miles from Concord, the county-seat of Cabarrus County. Deceased, who lived at a distance of about five miles from the home of defendant, had been his guest during the night preceding the day on which the homicide occurred. He had remained at the home of defendant during the day, no one else being there during the day or at the time of the homicide. When deceased came to defendant's home, about dark of the preceding night, he brought with him a jug, containing wine. Defendant and deceased drank wine from the jug during the night; the next day deceased continued to drink wine, but defendant did not drink during the day; he attended to his work about his premises, looking after his stock, and *Page 5 
milking his cows. After milking his cows, late in the afternoon, defendant was in a room, which opened on his back porch, putting away the milk. He heard deceased, whom he had left on the porch, kicking at a door, leading into one of the rooms of his house. He reproved deceased for doing so; deceased became angry and began to curse and to threaten to go into the room where defendant was, to kill him, saying that he had a gun and would shoot defendant. In a few moments, defendant saw deceased coming up to the porch from the yard, with an axe, which defendant kept at the wood-pile, about thirty feet from the porch. Deceased had the axe drawn over his shoulder and was cursing defendant, and using violent language. Defendant knew that deceased was a dangerous and violent man, especially when he had been drinking. When deceased was almost in striking distance of him, defendant picked up his pistol, and fired twice, probably three times at deceased, who fell, mortally wounded by the pistol shots. Defendant went at once to the home of a neighbor and told him what had occurred at his home. He and the neighbor returned to his home, and found the body of deceased lying on the porch. Deceased was taken that night to a hospital, where he died the next day. Defendant went to Concord, early the next morning, and surrendered to the sheriff of the county.
In view of the evidence, tending to establish the foregoing facts, we think defendant was entitled to an instruction to the jury that upon their finding from the evidence the facts so to be, defendant had the right, under the law of self-defense, not only to meet force with force, and to use such force as appeared reasonably necessary to repel the assault and to protect himself, but also the right to shoot his assailant, if the jury should find that under the circumstances, it reasonably appeared to defendant necessary to shoot deceased in order to save himself from death or great bodily harm at the hands of deceased. Defendant admitted that he shot deceased, and that the wounds thus inflicted caused the death of deceased. He contended that his act in so doing was justifiable; the jury should have been instructed specifically as to the law applicable to the facts as defendant contended them to be with respect to the act of defendant. The court had correctly instructed the jury that the admission of defendant that he killed deceased with a deadly weapon, was sufficient to support a verdict of guilty of murder in the second degree, and that the burden was thus thrown by the law upon defendant to satisfy the jury that he killed in self-defense as he contended. The instruction given to the jury, to which defendant excepted, is correct; we think, however, that it was not as full as defendant was entitled to. We have examined the entire charge to the jury, as set out in the case on appeal. We do not find that defendant has had the full *Page 6 
benefit of the well-settled principle of the law of self-defense, applicable to the facts as he contended them to be.
We cannot sustain defendant's assignments of error based upon his exceptions to the refusal of the court to give the special instructions set out in the case on appeal. These instructions present defendant's contention that, under the law applicable to the facts as he contends them to be, he had the right to shoot and kill deceased. They omit, however, the principle that defendant must not only believe, but have reasonable grounds to believe it necessary to shoot and kill his assailant, in order for the jury to acquit him upon the principle of self-defense. The instructions prayed for are erroneous and were properly refused by the court. For the error indicated there must be a
New Trial.