STATE v. ZACK LEE.

(Filed 9 March, 1927.)

**1. Homicide—Instructions—Evidence—Appeal and Error.**

Where the defendant on trial for a homicide pleads a perfect self-defense upon evidence tending to show that deceased drove into the yard of his home, used abusive language to him and threatened his life, and he fired the deadly shot after the deceased had drawn a pistol on him, a charge of the court based upon the deceased's assaulting the prisoner

21—193

with his hands, choking him, etc., of which there was no evidence, and upon the theory of a killing without malice, is reversible error to the defendant's prejudice.

**2. Appeal and Error—Instructions—Record—Presumptions.**

Upon appeal from an exception to the instructions of the court, the charge as appears of record will be taken as correct when it is not therein set out in full.

APPEAL by defendant from *Cranmer, J.,* at September Term, 1926, of HARNETT.

Criminal prosecution tried upon an indictment charging the defendant with a capital felony, to wit, murder in the first degree.

From a verdict finding the defendant guilty of murder in the second degree and a sentence at hard labor in the State's prison for a term of six years, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Young & Young and Clifford & Townsend for defendant.*

STACY, C. J. The evidence on behalf of the defendant, so far as material to an understanding of the exceptions presented, is to the effect that about the hour of noon, 7 July, 1926, while the defendant was in his house writing a letter, and his sick wife resting on the porch, Paul Griffin came by in a buggy, stopped in defendant's front yard, and began to upbraid Mrs. Lee for having told the defendant of the improper relations existing between the two. Griffin refused to leave, though requested to do so by defendant's wife, and made threats against both the defendant and his wife; whereupon the defendant, who had heard the entire conversation, came out of the house, with a shotgun in his hands, and ordered Griffin away. At this command, Griffin raised up in his buggy, thrust his hand into his hip pocket and said to the defendant, "I done what I wanted to, and G— d— if I don't kill you too." As a consequence, the defendant shot Griffin and killed him.

The evidence on behalf of the State is to the effect that the deceased was shot from ambush while driving along the road in front of the defendant's house.

The following excerpt, taken from the charge, forms the basis of one of defendant's exceptive assignments of error:

"If, however, the deceased assaulted the prisoner, that is, if he laid his hands upon him against his will, and struck him, or choked him, and the prisoner killed the deceased in the heat of passion caused by the assault, and not from deliberation and premeditation, and not from malice, he would not be guilty of more than the crime of manslaughter."

The vice of this instruction lies in the fact that it is not pertinent to the facts of the present case, and is misleading. *S. v. Waldroop, ante,* 12. The assault on the part of the deceased, necessary to reduce the killing to manslaughter, is limited to laying hands upon the prisoner against his will and striking or choking him. None of these things occurred, but, according to the defendant's testimony, he was assaulted by the deceased in such manner as reasonably to put him in fear of losing his life or of suffering great bodily harm at the hands of the deceased. And while the jury did not accept his plea of perfect self-defense, they might have found, had the evidence been submitted to them in a proper light, that, though acting in self-defense, he used excessive force, rendering him guilty of an unlawful homicide or manslaughter. *S. v. Robinson,* 188 N. C., 784; *S. v. Cox,* 153 N. C., 638. The jury evidently did not accept the State's theory of a killing by means of "lying in wait." C. S., 4200.

The whole case seems to have been fought out on the question as to whether the defendant was assaulted by the deceased, or his life or limb endangered, just before the fatal shot. It was error to limit the definition to a battery, such as laying hands upon the defendant, against his will, or striking or choking him.

The entire charge is not in the record, and the case was not settled by the judge, but we must consider it as presented on the appeal.

For the error, as indicated, there must be a new trial, and it is so ordered.

. New trial.