STATE v. WILLIAM J. GLENN.

(Filed 11 December, 1929.)

1. **Homicide E a—Under the facts of this case instruction on defendant's duty to retreat held erroneous.**

   Upon evidence tending to show that the defendant was in a room 12 x 14 feet at the back of a store with only one door as an entrance, through which the deceased came and angrily said to the defendant that he was tired of him, and added while reaching for his pistol, "Damn you, I will kill you," resulting in a struggle in which the deceased was shot and killed: *Held,* reversible error for the judge to charge the jury that if the assault on the defendant was not felonious the defendant would be required to retreat before he would be justified in taking the life of the other, there being no avenue open to the defendant.

**2. Same—General law of self-defense.**

One may kill in defense of himself or his family when he believes it to be necessary to prevent death or great bodily harm, and has a reasonable ground for the belief under the facts and circumstances as they appear to him, the jury to determine the reasonableness of the belief upon which he acts.

**3. Same—Right to use force to repel assault.**

In the exercise of the right of self-defense more force must not be used than is reasonably necessary under the circumstances, and if excessive force is used the party charged is guilty of manslaughter at least, but the law does not require juries to measure with exactness and nicety the amount of force used if one is really acting in self-defense.

APPEAL by defendant from *Harwood, Special Judge,* at April Term, 1929, of MITCHELL.

Criminal prosecution tried upon an indictment charging the defendant with the murder of one T. C. Robinson.

Verdict: Guilty of manslaughter.

Judgment: Imprisonment in the State's prison for a term of not less than three nor more than five years.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*McBee & Berry, S. J. Black and Watson & Fouts for defendant.*

STACY, C. J. When the case was called for trial, the solicitor announced that the State would not insist upon a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree or manslaughter as the evidence might disclose. Whereupon counsel for the prisoner stated that the defendant would admit the killing with a deadly weapon, but no more, and assume the burden of mitigation or self-defense.

The evidence discloses that on 8 November, 1928, the defendant, William J. Glenn, slew the deceased, T. C. Robinson, with a deadly weapon, to wit, a pistol. It appears that the defendant, and two others, were in a small room in the back of a store about 12 by 14 feet, which had but a single door or entrance; that the deceased came into the room and closed the door behind him, thus placing himself between the defendant and the only means of exit; that the deceased asked the defendant what he had said to his wife, as he came through the store, to which the defendant answered, "Not a thing, Till." In reply, the deceased remarked in an angry tone: "Well, I am damn tired of you Glenns," and further added, while reaching for his pistol, which was in a holster under his left arm:

"Damn you, I will kill you." Whereupon the defendant whipped out his pistol and began firing. The two men clinched, and it was soon discovered that the deceased was mortally wounded.

The following excerpt, taken from the charge, forms the basis of one of defendant's exceptive assignments of error:

"If the deceased was making a felonious assault upon the defendant at the time he fired, the defendant would not be required to retreat, but if you should find that he was making an ordinary assault upon him, even though you should find that it was an assault with a deadly weapon, but not a felonious assault as I have defined to you, then the defendant would not be permitted to stand his ground and take the life of the deceased, but would be required to retreat."

The vice of this instruction lies in the fact that it required the defendant to retreat, even though the deceased was assaulting him with a deadly weapon, when there was no avenue of retreat open to the defendant. _S. v. Dills,_ 196 N. C., 457, 146 S. E., 1. The instruction is misleading when applied to the facts of the present case. _S. v. Lee,_ 193 N. C., 321, 136 S. E., 877; _S. v. Waldroop,_ 193 N. C., 12, 135 S. E., 165. The defendant's back was already to the wall, and the law does not require one to retreat in the face of an assault, felonious or other, when there is no way of escape open to him. _S. v. Bost,_ 192 N. C., 1, 133 S. E., 176.

With respect to the right of self-defense, the decisions are to the effect:

1. That one may kill in defense of himself or his family, when necessary to prevent death or great bodily harm. _S. v. Gray,_ 162 N. C., 608, 77 S. E., 833.

2. That one may kill in defense of himself, or his family, when not actually necessary to prevent death or great bodily harm, if he believes it to be necessary and has a reasonable ground for the belief. _S. v. Barrett,_ 132 N. C., 1005, 43 S. E., 832.

3. That the reasonableness of this belief or apprehension must be judged by the facts and circumstances as they appeared to the party charged at the time of the killing. _S. v. Blackwell,_ 162 N. C., 672, 78 S. E., 316.

4. That the jury and not the party charged, is to determine the reasonableness of the belief or apprehension upon which he acted. _S. v. Nash,_ 88 N. C., 618.

There is a distinction made by the text-writers on criminal law, which seems to be reasonable and supported by authority, between assaults with felonious intent and assaults without such intent. "In the latter, the person assaulted may not stand his ground and kill his adversary if there is any way of escape open to him, though he is allowed to repel force by force and give blow for blow. In the former class, where the

attack is made with murderous intent, the person attacked is under no obligation to fly, but may stand his ground and kill his adversary, if need be." 2 Bishop's Criminal Law, sec. 6333, and cases cited. It is said in 1 East Pleas of the Crown, 271: "A man may repel force by force in defense of his person, habitation, or property against one who manifestly intends or endeavors by violence to commit a felony, such as murder, rape, burglary, robbery, and the like, upon either. In these cases he is not obliged to retreat, but may pursue his adversary until he has secured himself from all danger, and if he kill him in so doing it is called justifiable self-defense." The American doctrine is to the same effect. See *S. v. Hough,* 138 N. C., 665, 50 S. E., 709, and *S. v. Dixon,* 75 N. C., 275.

In the exercise of the right of self-defense, more force must not be used than is reasonably necessary under the circumstances, and if excessive force or unnecessary violence be used, the party charged will be guilty of manslaughter, at least *(S. v. Robinson,* 188 N. C., .784, 125 S. E., 617), but the law does not require juries to measure with exactness and nicety the amount of force used, if one is really acting in self-defense. *S. v. Pugh,* 101 N. C., 737, 7 S. E., 757.

There are other exceptions appearing on the record, worthy of consideration, but as they may not arise on another hearing, we shall not consider them now.

For the error, as indicated, a new trial must be awarded, and it is so ordered.

New trial.