STATE v. CARTER BRYSON.

(Filed 19 December, 1930.)

**Homicide E a—Instruction in this case as to defendant's duty to retreat held erroneous under the evidence.**

While ordinarily a homicide is not justifiable upon the plea of self-defense if the accused has reasonable opportunity under the circumstances to retreat and avoid the killing, where the evidence in a prosecution for a homicide tends to show that the deceased had threatened to kill the accused and his wife, and called at their home about midnight,

kicked open the door and renewed his threats, and was killed by the accused firing from his home, an instruction applying the ordinary rule is reversible error.

APPEAL by defendant from *Finley, J.,* at February Term, 1930, of JACKSON.

Criminal prosecution tried upon an indictment charging the defendant with the murder of one Adam Cope.

When the case was called for trial the solicitor announced, in open court, that the State would not insist upon a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree or manslaughter as the evidence might disclose. The defendant entered a plea of not guilty, admitted the killing with a deadly weapon, and offered evidence tending to show that he shot the deceased in defense of himself, his home and his family.

Verdict: Guilty of manslaughter.

Judgment: Imprisonment in the State's prison for a period of five years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*E. P. Stillwell and Alley & Alley for defendant.*

STACY, C. J. The evidence on behalf of the defendant, so far as material to a proper understanding of the exceptions, tends to show that the homicide occurred at the home of the defendant, Balsam, N. C., in the night-time, about 12:30 o'clock on the morning of 16 December, 1929; that the deceased had previously come to the defendant's home on four different occasions that same night, each time threatening to kill the defendant and his wife, and each time being persuaded to leave; that on his fifth and last visit he paid no attention to the entreaties of the defendant and his wife, kicked open the front door, pointed his gun straight in the doorway and said: "God damn you, I will—"   .   .   . and that the defendant, under these circumstances, while standing in his bedroom, or hallway, shot the deceased and killed him.

The evidence on behalf of the State was to the effect that the defendant was the aggressor, and killed the deceased needlessly or without just cause.

The following excerpt, taken from the charge, forms the basis of one of defendant's exceptive assignments of error:

"The right of self-defense rests upon necessity, real or apparent, and cannot be exercised if there be a reasonable opportunity to retreat and avoid the difficulty, but if the assault in which the killing is brought

about be violent and the circumstances are such that the retreat would be dangerous, he is not required even to retreat."

This instruction is correct as a general proposition of law, but, as applied to the facts of the instant case, it would seem to be inapplicable and misleading. *S. v. Lee,* 193 N. C., 321, 136 S. E., 877; *S. v. Waldroop,* 193 N. C., 12, 135 S. E., 165. The defendant being in his own home and acting in defense of himself, his family and his habitation—the deceased having called him from his sleep in the middle of the night—was not required to retreat regardless of the character of the assault. *S. v. Glenn,* 198 N. C., 79, 150 S. E., 663.; *S. v. Bost,* 192 N. C., 1, 133 S. E., 176. This, however, would not excuse the defendant if he employed excessive force in repelling the attack. *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617.

There are other exceptions appearing on the record, worthy of consideration, but as they are not likely to arise on another hearing, we shall not consider them now.

For the error, as indicated, a new trial must be awarded, and it is so ordered.

New trial.