## STATE v. REID REYNOLDS.

(Filed 22 September, 1937.)

1. **Homicide § 25—Evidence held sufficient to be submitted to jury on question of defendant's guilt of manslaughter.**

   The State's evidence tended to show that in a three-cornered dispute over money, deceased went outside defendant's house to search the third person, that someone buttoned the screen door from the inside, and that when deceased tried to reënter the house defendant fired a shot ·up in the air and ordered deceased, who was unarmed, to go away, that deceased went out into the yard about fifteen feet from the porch, said something which was not understood by witness, when defendant fired the fatal shot. *Held:* The State's own evidence does not rebut the presumptions arising from the intentional killing with a deadly weapon, and the question of self-defense is for the jury under the evidence, and defendant's motion to nonsuit was properly denied.

2. **Homicide § 11—**

   The right to kill in self-defense rests upon necessity, real or apparent, and ordinarily it is for the jury to determine, from the evidence, the existence or absence of such necessity.

3. **Indictment § 10—**

   The indictment charged defendant with killing one "Oakes Clement" while the correct spelling should have been "Okes Clement." *Held:* The variance is immaterial, as it is a plain case of *idem sonans.*

APPEAL by defendant from *Ervin, Special Judge,* at April Term, 1937, of SURRY.

Criminal prosecution, tried upon indictment charging the defendant with the murder of one Oakes Clement.

The record discloses that on 7 December, 1936, Okes Clement and Reid Reynolds each sold some tobacco in Mount Airy and both were seen drinking during the day. That night when the defendant reached his home, he found Okes Clement and Henry Scales there waiting for him. Clement accused Reynolds of taking $46 of his money. Reynolds suggested that perhaps Scales had his money, as they came to town together. Scales replied: "If you think I have your $46 you can come out of doors and search me." Clement and Scales then went out on the porch and someone buttoned the door from the inside. After searching Scales, Clement tried to go back into the house, "caught hold of the door and was shaking it," cursing and making threats against the defendant, when Reynolds "shot practically straight up from the corner of the house" and ordered Clement to go away. Clement left the house, so Scales testifies, "went out into the yard about fifteen feet from the porch, said something back to Reynolds—never heard it good enough to

understand, though I was nearer to him than Reynolds"—when the second and fatal shot was fired.

The case was submitted to the jury on the State's evidence; the defendant offered none.

Verdict: Guilty of manslaughter.

Judgment: Four months in jail.

Defendant appeals, assigning as error the court's refusal to sustain demurrer to the evidence or to grant motion of nonsuit under the Mason Act, C. S., 4643.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Folger & Folger for defendant.*

STACY, C. J. It is the position of the defendant that the presumptions arising from an intentional killing with a deadly weapon, to wit, the unlawfulness of the killing and malice (*S. v. Keaton,* 206 N. C., 682, 175 S. E., 296), are rebutted by the State's own evidence, and that upon the whole case he is entitled to an acquittal. *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387; *S. v. Carter,* 204 N. C., 304, 168 S. E., 204. We agree with the trial court that the evidence is such as to require its submission to the jury. While one is permitted to kill in defense of himself, his family or habitation, under certain conditions, *S. v. Marshall,* 208 N. C., 127, 179 S. E., 427; *S. v. Glenn,* 198 N. C., 79, 150 S. E., 663, nevertheless it is a permissible inference from the record that the deceased, unarmed and apparently without immediate threat of violence, was standing at a distance of about fifteen feet from the defendant's porch when the fatal shot was fired. This precludes a disturbance of the ruling on the demurrer to the evidence or the motion to nonsuit. *S. v. Cagle,* 209 N. C., 114, 182 S. E., 697; *S. v. Johnson,* 184 N. C., 637, 113 S. E., 617; *S. v. Cox,* 153 N. C., 638, 69 S. E., 419.

The right to kill in self-defense rests upon necessity, real or apparent, and ordinarily it is for the jury to determine, from the evidence, the existence or absence of such necessity. *S. v. Bland,* 97 N. C., 438, 2 S. E., 460; *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617; *S. v. Bryson,* 200 N. C., 50, 156 S. E., 143; *S. v. Eubanks,* 209 N. C., 758, 184 S. E., 839; *S. v. Koutro,* 210 N. C., 144, 185 S. E., 682.

In the indictment, the defendant is charged with the murder of one "Oakes Clement." It is conceded that the proper spelling of his name is "Okes Clement." The variance is not material, as it is a plain case of *idem sonans. S. v. Donnell,* 202 N. C., 782, 164 S. E., 352; *S. v. Dingle,* 209 N. C., 293, 183 S. E., 376.

The verdict and judgment will be upheld.

No error.