## STATE v. CLARENCE ANDERSON.

(Filed 14 October, 1942.)

1. **Homicide §§ 11, 12—**

Under the law of self-defense a person not only may take life in his own defense but also in defense of another, who bears to him the relationship of wife, parent, or child.

2. **Homicide §§ 11, 12, 13—**

One who, being in his own home, fights in defense of himself, his family, and his habitation, is not required to retreat, regardless of the character of the assault.

STATE *v.* ANDERSON.

**3. Homicide §§ 12, 27f—**

> Upon a trial for murder, where defendant, in his own home, killed a man in the act of making a violent assault upon defendant's wife, an uncorrected instruction that, unless the jury found that defendant was acting in his own defense, they must convict, was reversible error.

**4. Criminal Law § 53a—**

> The judge, in his instructions, should not assume that a material fact has been proven beyond a reasonable doubt, in the absence of an admission of such fact.

APPEAL by defendant from *Harris, J.,* at April Term, 1942, of WAYNE. New trial.

Criminal action tried on bill of indictment for murder of one Sam Flowers.

The evidence favorable to the State is amply sufficient to sustain the verdict of guilty of manslaughter returned by the jury. However, the testimony is sharply conflicting.

The defendant offered evidence tending to show that preceding the homicide the sisters of defendant's wife and others were quarreling and fighting in the street and at their aunt's or father's house. Viola, defendant's wife, went over there and tried to quiet them. Not being able to do so she called "the law," but officers did not come. Sam Flowers, the deceased, a brother of Viola, came and walked up to Viola. Then in her words the following happened: "He walked up to me and I said, 'The Law will be here, you all had better quiet.' He struck me, first, right here, and my brother grabbed him. Then he picked up a strip and hauled back against the side of my head, and I goes home, and my husband came after me, and I was crying, telling my husband I was going to put the Law on him. He reached up and beat me against the corner of my porch; he beat my body with his fist. I mean Sammie did this. My husband came out of the house. I don't know where my husband was when Sammie was beating me in the front yard. My husband said, 'Come in this porch; no one better not bother you any more.' I said, 'I am going to put the man on you,' and he started off riding his wheel going north. He whirled around and came back, and hit me two or three more licks, and he drew back to hit me again, and when he walked up, my husband struck him with the brick."

There was evidence that Viola was pregnant; that deceased knocked her down and that when he last approached the home of defendant the defendant warned him not to come.

There was a verdict of guilty of manslaughter. From judgment thereon defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*J. Faison Thomson for defendant, appellant.*

BARNHILL, J.   The court instructed the jury that since the defendant admitted "he threw the brick and did it in his own self-defense" they could not acquit unless he had satisfied them that he threw it in his own self-defense.

The instruction, as thus given, assumes that the brick struck deceased and that the wound inflicted caused death.   At no time was the jury instructed that they must so find before returning a verdict of guilty.

Even though the evidence was uncontradicted its weight and credibility was for the jury.   In the absence of an admission the cause should not have been submitted to the jury upon the assumption that a material fact had been fully proven beyond a reasonable doubt.   *S. v. Howell,* 218 N. C., 280, 10 S. E. (2d), 815.

The defendant testified in part: "He came to beat my wife and make more doctor's bills.   If I had known what was going to happen I would have let it gone, and paid it."   Hence, it appears from this and all the other testimony that defendant was not relying upon the right to defend himself but upon his right to defend and protect a member of his family.

Under the law of self-defense a person not only may take life in his own defense but, by virtue of the rule of the common law, he may do so also in defense of another who bears to him the relationship of wife, parent, or child.   13 R. C. L., 836, sec. 139; 26 Am. Jur., 265, sec. 158; *S. v. Gray,* 162 N. C., 608, 77 S. E., 833; *S. v. Reynolds,* 212 N. C., 37, 192 S. E., 871; *S. v. Marshall,* 208 N. C., 127, 179 S. E., 427; *S. v. Glenn,* 198 N. C., 79, 150 S. E., 663.

In so far as the right to take human life is dependent upon the surrounding circumstances, a person acting in defense of his wife is in the same situation and upon the same plane as those who act in defense of themselves.   The facts which excuse the killing in defense of self likewise excuse a killing in defense of a member of the family and the right of the husband to defend his wife is coextensive with the right of the wife to defend herself.   13 R. C. L., 837, sec. 140; *S. v. Francis,* 70 A. L. R., 1133; *S. v. Cox,* 153 N. C., 638, 69 S. E., 419; *S. v. Gaddy,* 166 N. C., 341, 81 S. E., 608.

*Non constat* the defendant relied upon his right to defend his wife and not upon his right to kill in his own necessary defense, the court reiterated the charge that the jury must convict unless they found that defendant was fighting in his own defense—a plea not made, and unsupported by evidence.   This charge was not withdrawn, corrected or modified. Thus, the jury withdrew to consider the evidence under instructions to

return a verdict of guilty upon failure to find that the defendant threw the brick in his own defense.

It is true that at the conclusion of the charge, at the instance of counsel for the defendant, the court instructed the jury that a man has the right to protect his wife or property "and use such force in preventing the assault made on your wife and to protect as reasonably necessary to do so, and if he did not use more force than reasonably necessary he would not be guilty of a crime." The charge as given upon the right of defendant to protect his wife is not sufficiently comprehensive. It is not required that defendant show that it was "reasonably necessary" to kill. It is sufficient if he proves that he believed it to be necessary and that he had reasonable grounds for the belief—the jury being the judges of the reasonableness of the apprehension. *S. v. Bryant,* 213 N. C., 752, 197 S. E., 530, and authorities cited. *S. v. Reynolds, supra; S. v. Terrell,* 212 N. C., 145, 193 S. E., 161; *S. v. Marshall, supra.*

As the evidence favorable to the defendant tends to indicate that defendant acted in defense of his wife, instructions as to his right to defend himself are inapplicable and misleading. *S. v. Lee,* 193 N. C., 321, 136 S. E., 877. The court should have instructed the jury adequately on the law of self-defense *as it is applicable to the facts in the case.* "The correctness of the instructions given is determined by the rules of law governing the right of self-defense as applied to the situation developed by the evidence." 26 Am. Jur., 537, sec. 548.

The credibility of the evidence is not for us. It may be wholly unworthy of belief. Yet, it is in the record and defendant was entitled to have the law arising thereon explained and applied by the judge. C. S., 564.

All the evidence tends to show that defendant and his wife were in their home at the time of the alleged assault by deceased. Defendant was under no duty to retreat. One who, being in his own home, fights in defense of himself, his family and his habitation is not required to retreat, regardless of the character of the assault. *S. v. Glenn, supra; S. v. Bost,* 192 N. C., 1, 133 S. E., 176; *S. v. Bryson,* 200 N. C., 50, 156 S. E., 143; *S. v. Roddey,* 219 N. C., 532, 14 S. E. (2d), 526.

We are of the opinion that the indicated errors in the charge were prejudicial to the defendant. He is entitled to a

New trial.