STATE v. J. C. PENNELL.

(Filed 8 November, 1944.)

**1. Homicide § 11—**

If an unprovoked attack is made upon one in his own place of business and the person assaulted fights only in self-defense, he is not required to retreat, regardless of the nature of the assault.

**2. Homicide §§ 11, 27f—**

In a prosecution for homicide, where the court in its charge to the jury places upon the defendant the duty to retreat and avoid the difficulty unless the assault committed on the premises of defendant is, or appears to be, felonious in intent, there is reversible error.

**3. Homicide § 11—**

If the prisoner stood entirely on the defensive and would not have fought but for the attack and the attack threatened (or reasonably appeared to him to threaten) death or great bodily harm, and he killed to save himself, then it is excusable homicide, although the prisoner did not run or flee out of his own house.

APPEAL by defendant from *Warlick, J.,* at February Term, 1944, of CALDWELL. New trial.

Criminal prosecution on bill of indictment for the murder of one John Kincaid.

Defendant operates a mercantile store in Lenoir, Caldwell County, and Kincaid was a customer. On 18 December, 1943, Kincaid went to defendant's store three times. Each time he and others in the store drank wine furnished by defendant. On the third trip, about six o'clock, after those present had a drink, defendant and Kincaid had an argument over the amount of Kincaid's charge account. In the course of the difficulty defendant shot and killed Kincaid.

When the case was called for trial, the solicitor announced he would not seek a verdict of murder in the first degree but would ask for a verdict of murder in the second degree or manslaughter, as the jury might determine on the evidence. There was a verdict of guilty of manslaughter and from the judgment pronounced on the verdict the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*W. H. Strickland for defendant, appellant.*

BARNHILL, J.   The evidence relied on by the State tends to show that the defendant became angered because Kincaid questioned the amount of his charge account.   He cursed deceased, ordered him out of the store, began to strike him over the head with a pistol, and when deceased resisted the assault, defendant shot and killed him.

The defendant, on the other hand, offered testimony tending to show that Kincaid became angry when defendant spoke to him about his account; that Kincaid was a large man about 47 years of age and the defendant is an old man and much smaller; that Kincaid knocked defendant down behind his counter and was advancing on him, striking him, when defendant managed to get his pistol and shoot his assailant.   Upon this testimony he bases his plea of self-defense.

Defendant's plea and the evidence offered in support thereof rendered it essential that the court in its charge explain to the jury the law of self-defense and apply it to the evidence offered.   In undertaking to do so the court instructed the jury in part as follows:

"Now, Gentlemen, there is a distinction in the law which apparently seems to be reasonable and which is supported by a number of authorities, between assault with felonious intent, and assaults without felonious intent.   For instance, in an assault without a felonious intent, a person assaulted may not stand his ground and kill his adversary if there is any way of escape open to him, though he is allowed to repel force with force and give blow for blow."

This was followed by the instruction that if the assault was murderous or defendant apprehended it so to be, he, being in his home or place of business, was under no obligation to flee.

Thus the court placed upon the defendant the duty to retreat and avoid the difficulty unless the assault was, or appeared to be, felonious in intent.

Defendant was in his own place of business.   If an unprovoked attack was made upon him and he only fought in self-defense, he was not required to retreat, regardless of the nature of the assault.   *S. v. Anderson,* 222 N. C., 148, 22 S. E. (2d), 271; *S. v. Roddey,* 219 N. C., 532, 14 S. E. (2d), 526; *S. v. Bryson,* 200 N. C., 50, 156 S. E., 143; *S. v. Glenn,* 198 N. C., 79, 150 S. E., 663; *S. v. Bost,* 192 N. C., 1, 133 S. E., 176; *S. v. Harman,* 78 N. C., 515.

Of course there are other facts at issue.   Did defendant provoke the assault or willingly engage in the affray?   If the assault was unprovoked

and the defendant was without fault, did he employ excessive force in repelling the attack? These and other controverted questions are for the jury to decide. Even so, "if the prisoner stood entirely on the defensive and would not have fought but for the attack, and the attack threatened (or reasonably appeared to him to threaten) death or great bodily harm, and he killed to save himself, then it was excusable homicide, although the prisoner did not run and flee out of his house." *S. v. Harman, supra.*

Hence, on this record, the doctrine of retreat is not applicable to the facts in the case. The charge thereon must be held for reversible error.

New trial.