### STATE v. LEE HELLER.

(Filed 2 November, 1949.)

**Homicide § 27c—**

In a prosecution for uxorcide where defendant's own testimony is to the effect that he did not intend to shoot his wife but intended to kill the person he thought to be her paramour whom he believed to be in the house, an instruction that if defendant feloniously and with premeditation and deliberation intended to kill another person and killed his wife instead, he would be guilty of murder in the first degree, cannot be held for prejudicial error.

APPEAL by defendant from *Rousseau, J.,* February Criminal Term, 1949, of CATAWBA.

Criminal prosecution on indictment charging the defendant with the murder of his wife, Nettie Simmons Heller.

The defendant and his wife were estranged, living separate and apart apparently on account of the wife's children, the defendant's step-children. It also appears that the defendant thought his wife was unfaithful to him and was keeping company with one Roy Simms.

On Sunday afternoon, 10 October, 1948, the defendant went to his wife's home and engaged her in conversation on the porch. She went back into the kitchen. The defendant then went to the back door, drew his pistol and shot his wife in the breast. She died almost instantly.

When the defendant was brought to the jail, he said to the jailer, "I hate I did not get him also." The defendant says the jailer misunderstood him; that what he said was he did not intend to shoot his wife but someone else, meaning Roy Simms. He thought Roy Simms was in the house.

At the close of all the evidence, the defendant tendered a plea of guilty of murder in the second degree, it appearing and being admitted that he killed his wife with a deadly weapon. This was rejected by the solicitor.

Verdict: Guilty as charged in the bill of indictment.

Judgment: Death by asphyxiation.

The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*J. W. Hollingsworth and Russell W. Whitener for defendant.*

STACY, C. J. The defendant has been convicted of a capital felony, murder in the first degree, with no recommendation from the jury, and sentenced to die as the law commands in such case. His only exception and assignment of error is to the court's instruction to the jury that if the

defendant feloniously and with premeditation and deliberation intended to kill another person and killed his wife instead he would be guilty of murder in the first degree.

It is conceded that this instruction would be correct under appropriate circumstances. *S. v. Burney,* 215 N.C. 598, 3 S.E. 2d 24; *S. v. Sheffield,* 206 N.C. 374, 174 S.E. 105; *S. v. Dalton,* 178 N.C. 779, 101 S.E. 548; *S. v. Fulkerson,* 61 N.C. 233. See, also, *S. v. Lilliston,* 141 N.C. 857, 54 S.E. 427. Here, however, the defendant says the facts do not call for its application, and hence it was misleading. *S. v. Anderson,* 222 N.C. 148, 22 S.E. 2d 271; *S. v. Bryson,* 200 N.C. 50, 156 S.E. 143; *S. v. Lee,* 193 N.C. 321, 136 S.E. 877; *S. v. Waldroop,* 193 N.C. 12, 135 S.E. 165.

While the principle might have been applied with more directness to the facts in hand, it is manifest that no material prejudice has resulted to the defendant from the instruction as given. It finds support in the defendant's own evidence. Hence, as no reversible error has been made manifest, the verdict and judgment will be upheld.

No error.