## STATE v. OLLIE FULTON SALLY.

(Filed 2 February, 1951.)

**1. Homicide § 11—**

> A person in his own home or place of business, where he has a right to be, and acting in defense of himself and his habitation, is not required to retreat in the face of a threatened assault, regardless of its character, but is entitled to stand his ground, to repel force with force, and to increase his force, so as not only to resist, but also to overcome the assault, although he may not use excessive force in repelling the attack.

**2. Homicide § 27f—**

> An instruction which in effect requires defendant to retreat when an assault is made upon him in his own place of business, unless the assault be violent and the circumstances such that retreat would be dangerous, *is held* to constitute prejudicial error.

APPEAL by defendant from *Harris, J.,* May Term, 1950, of DURHAM.

Criminal prosecution on indictment charging the defendant with the murder of one Everett L. Justice.

Upon the call of the case for trial the solicitor announced that he would not press the capital charge, but would ask for a verdict of murder in the second degree or manslaughter as the evidence should warrant.

The defendant lives in a one-story building at 313 McMannen Street in the City of Durham. His sleeping quarters are in the rear and he conducts a combination grocery store and lunch counter in the front part of the building, which has only one entrance and that in the front. There is no rear exit or entrance.

On the morning of 23 December, 1949, the defendant was in his place of business, waiting on customers, when Everett L. Justice entered the store in a somewhat intoxicated condition. His presence soon became objectionable to the defendant and several of his customers; whereupon

the defendant ordered him out the store. A brief struggle ensued · between the two, during the course of which the defendant was either thrown or knocked to his knees. Justice then went out of the store. He came back in four or five minutes, still intoxicated, and the defendant again ordered him out, saying, "If you come back in here, in my place of business, I'll blow your brains out."

Mrs. M. W. Adams, clerk and cafe worker in defendant's place of business, was present and heard the conversation between the two. She says, "there were no words spoken after he (Justice) came back in the last time. . . . He (the defendant) shot one time. When he fired the pistol Justice just keeled over and dropped dead."

The defendant testified that Justice remarked, "I don't like it because you run me out awhile ago," and started at him "with his hand in his hip pocket, like this," and when he was within about four feet of me I shot him in the breast, causing his death.

It was the contention of the defendant that he shot the deceased in his own self-defense.

Verdict: Guilty of manslaughter.

Judgment: Imprisonment in the State's Prison for not less than eight nor more than twelve years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Fuller, Reade, Umstead & Fuller for defendant.*

STACY, C. J. On the defendant's plea of self-defense, which is supported by evidence, the court instructed the jury as follows:

"The right of self-defense rests upon necessity, real or apparent, and cannot be exercised if there be a reasonable opportunity to retreat and avoid the difficulty, but if the assault in which the killing is brought about be violent and the circumstances are such that the retreat would be dangerous, he is not required even to retreat." (Exception entered by later stipulation, discussed on brief and while there is no assignment of error based on the exception, undoubtedly the stipulation was intended to cover this also.)

The instruction is correct as a general statement of the law of self-defense, but as applied to the defendant's evidence in the subject case, it would seem to be incomplete, if not inapplicable, and misleading. *S. v. Bryson,* 200 N.C. 50, 156 S.E. 143; *S. v. Lee,* 193 N.C. 321, 136 S.E. 877; *S. v. Waldroop,* 193 N.C. 12, 135 S.E. 165. The defendant being in his own home and place of business where he had a right to be, and acting in defense of himself and his habitation, was not required to retreat in

the face of a threatened assault, regardless of its character, but was entitled to stand his ground, to repel force with force, and to increase his force, so as not only to resist, but also to overcome the assault. *S. v. Roddey,* 219 N.C. 532, 14 S.E. 2d 526; *S. v. Harman,* 78 N.C. 515; *S. v. Pennell,* 224 N.C. 622, 31 S.E. 2d 857. This, of course, would not excuse the defendant if he used excessive force in repelling the attack. *S. v. Jernigan,* 231 N.C. 338, 56 S.E. 2d 599; *S. v. Robinson,* 188 N.C. 784, 125 S.E. 617.

The above instruction, as here applied, would seem to be less than the defendant's full measure of protection. Hence, a new trial appears necessary. *Suum cuique tribuere.*

New trial.