## MRS. CLATER F. RIVERS v. TOWN OF WILSON.

### (Filed 28 February, 1951.)

**1. Municipal Corporations § 14a—**

Plaintiff's evidence was to the effect that a leaking water-meter box projected about three inches above the ground in the dirt strip between the sidewalk and the curb, and that plaintiff fell over it when, instead of following the available pavement, she elected to cross the dirt strip in going to her parked car. *Held:* Nonsuit was properly entered. Whether G.S. 1-53 is limited to claims founded on contract or applies equally to those sounding in tort, *quære?*

**2. Same—**

The fact that a water-meter box maintained by a city between the sidewalk and the curb was leaking, without more, indicates no unsafeness in its condition.

**3. Same—**

A municipality is under duty to keep the grass plot or space between the paved portion of the sidewalk and the curb in a reasonably safe condition for the purposes of its use.

**4. Same—**

An action against a municipality to recover for a fall on a street or sidewalk is in tort for negligence, and plaintiff must show some breach of legal duty, *res ipsa loquitur* being inapplicable, and proof of the existence of the condition which caused the injury or the happening of the accident, being alone insufficient.

**5. Same—**

A municipality is not an insurer of the safety of its streets and sidewalks but is under duty to exercise reasonable diligence to keep them in a reasonably safe condition.

APPEAL by plaintiff from *Bone, J.,* October-November Term, 1950, of WILSON.

Civil action to recover damages for personal injuries arising from alleged negligence of the defendant.

On the afternoon of 20 March, 1946, the plaintiff was a visitor at the Woodard-Herring Hospital in the Town of Wilson where her husband was a patient. At about 2:00 p.m. she left the hospital and started to her car which was parked on the opposite side of Green Street. Plaintiff says she was familiar with the sidewalk, the street and the surroundings. "I had been there plenty of times." Instead of following the "unobstructed pavement from the steps out," because of some boards nearby, the plaintiff, according to her testimony, started across the dirt strip between the sidewalk and the curb and tripped on a water-meter box

which stood "about three inches" above the ground and was leaking "so that it was just about the color of the ground. . . . It was right wet all around it." The damp earth did not make it more noticeable, she says. "The water did not put me on notice that it was there. I did not see it until I tripped over it and fell. . . . I was looking for the traffic because that is a very busy street there. . . . I was looking where I was going. . . . It was not raining. I don't remember whether the sun was shining or whether any leaves were on the trees. . . . I stumbled over the water meter. . . . I had never crossed over that particular spot where the water-meter box was at any time in the past. . . . My car was parked right off from the door of the hospital. I was going almost directly across to my car. . . . I filed no claim until this suit was brought on 8 March 1949."

There is evidence that plaintiff's injuries were serious and painful.

The allegation of negligence is that the defendant, in the exercise of due care, failed to keep this particular sidewalk in a reasonably safe condition for travel.

The defendant denied liability and pleaded contributory negligence in bar of plaintiff's right to recover; also that plaintiff failed to present her claim within two years as required by G.S. 1-53.

From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning error.

*Robert A. Farris for plaintiff, appellant.*

*Lucas & Rand and Connor, Gardner & Connor for defendant, appellee.*

STACY, C. J. The question for decision is whether the evidence, taken in its most favorable light for the plaintiff, survives the demurrer and carries the case to the jury. The trial court answered in the negative, and we approve.

The plaintiff cites *Gasque v. Asheville,* 207 N.C. 821, 178 S.E. 848, as direct authority requiring the case to be submitted to the jury, and *Webster v. Charlotte,* 222 N.C. 321, 22 S.E. 2d 900, as also tending to support her position. Conversely, the defendant relies on the case of *Gettys v. Marion,* 218 N.C. 266, 10 S.E. 2d 799, as controlling authority to support the judgment of nonsuit on the facts of the instant record.

The applicable rule is stated by *Hoke, J.,* in *Fitzgerald v. Concord,* 140 N.C. 110, 52 S.E. 309, as follows:

"The town, however, is not held to warrant that the condition of its streets, etc., shall be at all times absolutely safe. It is only responsible for negligent breach of duty, and, to establish such responsibility, it is not sufficient to show that a defect existed and an injury has been caused thereby. It must be further shown that the officers of the town 'knew,

or by ordinary diligence might have discovered, the defect, and the character of the defect was such that injuries to travelers therefrom might reasonably be anticipated.'"

The water-meter box was not in the traveled part of the sidewalk, but in the grass plot between the paved portion and the curb; nor was it hidden, defective or in disrepair. The fact that it was leaking, without more, indicated no unsafeness in its condition; rather that it could be more readily seen. True, this grass plot or tree space between the paved portion of the sidewalk and the curb is required to be kept in a reasonably safe condition for the purposes of its use as a part of the street or highway. 43 C.J. 989. Plaintiff's action is in tort for negligence, which must be established by more than the mere happening of an accident. The existence of a condition which causes injury is not enough. The breach of a legal duty must be made to appear. This is not presumed; *res ipsa loquilur* is inapplicable. The town is not an insurer of the safety of its streets and sidewalks, although they are required to be kept in a reasonably safe condition.

Measured by these standards, we are constrained to hold that plaintiff's evidence brings the case within the purview and scope of the *Gettys* opinion. Further elaboration here would appear repetitious and unnecessary. We are content to rest our decision on this decision.

This obviates the necessity of determining whether G.S. 1-53, like G.S. 153-64, is limited to claims founded on contract or applies equally to those sounding in tort. We do not reach the question.

Affirmed.