CLARA BLAKE v. CITY OF CONCORD, ET AL.

(Filed 18 April, 1951.)

1. **Municipal Corporations § 14a: Trial § 31c—Charge held supported by inference of fact arising upon the facts in evidence.**

   The evidence disclosed that in the middle of an eight foot sidewalk there was a hole two and one-half to three feet long and two feet wide which had been refilled with tamped dirt differing in color from the sidewalk, and that at the time of the injury the dirt was two and one-half to three inches below the level of the sidewalk. Plaintiff testified that pedestrians standing in front of the hole obstructed her vision, that when they moved aside to permit her to pass, she stepped into the hole and fell to her injury, and that she did not see the hole until after she fell. *Held:* That plaintiff must have seen the hole before stepping into it is a permissible inference of fact upon the facts in evidence, and therefore an instruction by the court to the effect that a person *sui juris* who selects a dangerous way when a safe way is open to use is guilty of contributory negligence, cannot be held for error.

2. **Trial § 19—**

   Inferences of fact are for the jury and not the court.

3. **Negligence § 18—**

   The physical facts at the scene may outweigh the testimony of some of the witnesses.

APPEAL by plaintiff from *Bennett, Special Judge,* November Term, 1950, of CABARRUS.

Civil action to recover damages for personal injuries suffered by plaintiff when she fell on one of the public sidewalks of the City of Concord

due to an open hole or depression alleged to have been negligently dug or allowed to remain therein.

There is allegation and evidence to the effect that sometime prior to 25 April, 1950, the defendants dug a hole or excavation in the cement sidewalk on the west side of North Union Street in the City of Concord to locate a leak in an underground pipe from a nearby restaurant. After locating and repairing the leak, the hole was refilled with dirt, packed down with a tamper, gravel placed on top, and left in this condition to settle before covering over with new cement or asphalt.

According to the plaintiff's evidence "the hole was about two and one-half to three feet long and about two feet wide." And according to plaintiff's sister, "it was about three feet from the curb . . . and two feet from the building, I would think."

Plaintiff further testified that the clay which had been put into the hole "was irregular and did not come up to the pavement; . . . I would say two and one-half to three inches."

On Sunday afternoon about 6:30 p.m., the plaintiff came along North Union Street, did not see the hole or excavation in the sidewalk because of three men and a girl standing there in front of the hole engaged in conversation, whom she asked to let her pass, and she says, "when they did move, being in front of the hole, I didn't have clear vision and stepped right into the deep hole and rough pavement and lost my balance and fell out into the street and crushed my arm, my wrist and little finger on the pavement. . . . I couldn't see the hole for the men there. . . . My shoulder was knocked out of place; . . . my elbow was hurt. . . . I looked at the hole after I fell . . . and that is when I noticed it."

The defendant's evidence is to the effect that when the hole was refilled with dirt and gravel "it was up level with the sidewalk." The sidewalk was examined by the City Superintendent of Streets and another employee on the morning following plaintiff's accident, and "the hole was down something like half an inch at the lower end, and around the edge it had settled a little bit; . . . approximately half an inch, and in the middle it was almost level. The surface was hard."

Plaintiff's nephew and witness, William B. Cothran, testified: "I didn't have any trouble seeing this place when I went by. . . . I didn't pay any attention to the hole, just avoided it as I passed. . . . I could easily step over it or to the side." Cross-examination: "I saw the hole the day after the plaintiff fell. It was then safe, had been worked on. . . . I saw it from my car, it might not have been the next day."

The jury answered the issues of negligence and contributory negligence in the affirmative and awarded no damages.

From judgment on the verdict, the plaintiff appeals, assigning errors.

*E. T. Bost, Jr., and W. Preston White, Jr., for plaintiff, appellant.*

*Hartsell & Hartsell and C. S. Morgan, Jr., for defendant, City of Concord, appellee.*

*Jones & Small and John Hugh Williams for defendant, Board of Light & Water Commissioners, appellee.*

STACY, C. J. The following excerpt from the charge constitutes the only exception brought forward and discussed in plaintiff's brief: "Our court has held in *Groome v. Statesville* (207 N.C. 538), that if there are two ways open to a person to use—one safe and the other dangerous—the choice of the dangerous way with knowledge of the danger constitutes contributory negligence, and where a person *sui juris*, that is, above the age of minority, and so on, knows of a dangerous condition and voluntarily goes into the place of danger, he is guilty of contributory negligence which will bar his recovery."

The plaintiff has no quarrel with this instruction as an abstract statement of the law, applicable to the facts in the *Groome Case*, but as applied to the facts of the instant record, she contends that serious injury was occasioned to her suit, because of its impertinency and distracting or misleading effect. *S. v. Sally, ante,* 225, 63 S.E. 2d 151; *S. v. Lee,* 193 N.C. 321, 136 S.E. 877; *S. v. Bryson,* 200 N.C. 50, 156 S.E. 143; *S. v. Anderson,* 222 N.C. 148, 22 S.E. 2d 271.

The inapplicability of the instruction, so plaintiff says, arises from the fact that she had no previous knowledge of the defective condition of the street; that she was warranted in acting on the assumption the authorities of the city had used ordinary care in the discharge of their duty to keep the sidewalk reasonably safe for pedestrian travel, *Russell v. Monroe,* 116 N.C. 720, 21 S.E. 550, and that hence she never was presented with the choice of using a safe or a dangerous way to pass the hole or depression in question. 25 Am. Jur.—Highways, Sec. 462.

It is conceded that plaintiff states a sound principle of law, applicable to the facts as outlined which she thinks is pertinent here, but which the defendants say is impertinent to the facts of the present record, because according to the plaintiff's own testimony the hole or depression in the sidewalk was necessarily visible and apparent to any person exercising reasonable care and keeping a proper lookout. *Fitzgerald v. Concord,* 140 N.C. 110, 52 S.E. 309; *Rivers v. Wilson, ante,* 272, 63 S.E. 2d 544. It is contended that a hole in the middle of an eight-foot concrete sidewalk 2½ to 3 feet long, 2 feet wide, and 2½ to 3 inches deep and differing in color from the pavement, could hardly be unnoticed by a pedestrian who was at all observant of the path ahead. *Watkins v. Raleigh,* 214 N.C. 644, 200 S.E. 424. If other pedestrians on the sidewalk mo-

mentarily obstructed the plaintiff's view, the hole or depression would necessarily loom into focus immediately upon their stepping aside or clearing the pathway, so the defendants assert. They further say that they could not foresee or anticipate a situation comparable to the one described by the plaintiff, and that they are liable only for negligence and are not insurers of the plaintiff's safety. *Gettys v. Town of Marion,* 218 N.C. 266, 10 S.E. 2d 799; *Walker v. Wilson,* 222 N.C. 66, 21 S.E. 2d 817; *Beaver v. China Grove,* 222 N.C. 234, 22 S.E. 2d 434; *Ferguson v. Asheville,* 213 N.C. 569, 197 S.E. 146, and cases cited.

The conflicting contentions and theories of the parties arise from different interpretations and conceptions of the operative facts. Both positions are supported by seemingly permissible inferences from the record, with neither compellable as a matter of law, hence the case was properly submitted to the jury. Inferences of fact are for the twelve, not the court. The physical facts of a case sometimes outweigh the testimony of some of the witnesses. *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88. There can be no debate over a fact once established. The witnesses may see or understand it differently, but this would not change the fact. It is this difference of opinion or different understanding of the witnesses which calls for the intervention of a jury to determine the fact in dispute. Here, the trial court regarded the evidence as sufficiently equivocal to require the aid of a jury to determine the exact facts of the case, and, therefore, he called in the twelve.

It would seem that the following doubtful queries or jury matters are presented by the record:

Was the hole or depression as deep and dangerous as plaintiff says?

Why did she not see it?

If unsafe and clearly so, Was there an obviously safe passageway around it?

Where does the fault or blame lie?

The jury has answered, attributing the injury to the negligence of both parties. We cannot say there was error in the trial, or that the challenged instruction was harmful or prejudicial to the plaintiff's cause.

On the record as presented, the verdict and judgment will be upheld.

No error.