STATE v. OSCAR CAMPBELL.

(Filed 25 November, 1959.)

1. **Criminal Law § 107:    Homicide § 27—**
   A charge on the question of self-defense which includes therein a statement of the law applicable when a defendant wrongfully assaults his adversary or provokes the difficulty or commits a breach of the peace and engages in the affray willingly, is prejudicial when there is no evidence in the case upon which to predicate such statement of the law, since the court is required to apply the law arising on the evidence in the particular case and not upon a set of hypothetical facts.

HIGGINS, J., not sitting.

APPEAL by defendant from *Clarkson, J.,* at Regular June 15, 1959 Criminal Term, of MECKLENBURG.

Criminal prosecution upon a bill of indictment charging defendant Oscar Campbell with the crime of murder in the first degree of one Curtis Williams on the night of 21 February 1959.

The Solicitor announced in open court upon the call of the case that the State would not ask for a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree or whatever the evidence might justify.

Plea: Not guilty.

Upon the trial in Superior Court the State offered the testimony of three witnesses: Ruth Elizabeth Falls, who testified she was present when the homicide took place, and two officers, Mac D. Earn-

hardt and L. E. Robinson, to whom defendant made statements pertinent to the case.

While defendant offered no evidence he invoked the principle of self-defense, contending that there was no quarrel between him and deceased, and that he had done nothing to bring on the difficulty leading to the homicide, and that he acted only when deceased fired a shot gun beside the automobile in which defendant was riding, spattering the car with mud, and threatening to kill him—stepping back a few steps. Whereupon defendant reached for a pistol and fired out of the car window. And the evidence tends to show that at the time the front seat of the standing automobile was occupied by the operator in the driver's seat, Ruth Elizabeth Falls in the middle, and he, the defendant, on the right, within three or four feet of deceased, with no avenue of escape to him.

The case was submitted to the jury on the evidence introduced, and upon the charge of the court.

Verdict: Guilty of manslaughter.

Judgment: Confinement in the State's Prison for not less than four (4) nor more than five (5) years. Defendant gave notice of appeal in open court, and appeals to Supreme Court and assigns error.

*Attorney General Seawell, Assistant Attorney General T. W. Bruton for the State.*

*Warren C. Stack, William E. Graham for defendant, appellant.*

WINBORNE, C. J.: Among the several assignments of error, brought up by defendant, the fourth and fifth, based upon exceptions five and six, directed to portions of the charge, when tested by decisions of this Court, appear to be well taken, and constitute error for which a new trial must be granted. See *S. v Glenn,* 198 N.C. 79, 150 S.E. 663; *S. v. Robinson,* 213 N.C. 273, 195 S. E. 824; *S. v. Bryant,* 213 N.C. 752, 197 S.E. 530; *S. v. Moore,* 214 N.C. 658, 200 S.E. 427, and cases cited.

The portions of the charge to which these exceptions relate are these: "But the court instructs you that the defense of excusable homicide is not available; first, where one who has wrongfully assaulted another or committed a battery upon him and in consequence killed; or, second, where one has provoked the present difficulty by either language or conduct intended to bring about an assault; or third, when one who has committed a breach of the peace or engaged in an affray willingly in the sense of doing so voluntarily

and without lawful excuse." And, continuing: "When these elements or either of them appear in the case, the court instructs you that the prisoner may not successfully maintain the position of a perfect self-defense unless he may be able to show you that, at the time prior to the killing, he abandoned the combat and signified such act to the adversary because in law he is said to have brought about, by his own act, the necessity of taking life."

The vice pointed out in these assignments of error is, that though they may be free from error when applied to hypothetical situations, they are inapplicable to case in hand for the reason that the evidence introduced does not admit of the application of such principle. See *S. v. Alston*, 228 N.C. 555, 46 S.E. 2d 567; *S. v. Street*, 241 N.C. 689, 86 S.E. 2d 277, and cases cited.

Indeed, in the *Street* case, *supra*, in opinion by *Denny, J.*, the Court speaking of the provisions of G.S. 1-180 said: "The statute requires the Court, in both criminal and civil actions, to declare and explain the law arising on the evidence in the particular case and not upon a set of hypothetical facts."

For other authorities see Strong's N. C. Index to Criminal Law Section 107 — on subject that "An instruction which presents an erroneous view of the law or an incorrect application thereof, is prejudicial * * * ."

Other assignments of error point to exceptions to matters that may not recur upon the retrial. Hence it is not deemed necessary to elaborate on them.

For error pointed out there must be a

New trial.

HIGGINS, J., not sitting.