STATE v. L. L. HODGES AND BURLIE GOSNELL.

(Filed 1 November, 1961.)

**Homicide §§ 10, 27—    Evidence held to raise questions of one defendant's right to kill in defense of her daughter and other defendant's right to kill in defense of sister-in-law who was a member of his household.**

Defendants' evidence tended to show that deceased and his brother, both armed, made a violent and unprovoked assault upon a certain person who was the daughter of one defendant and the sister-in-law of the other defendant, and defendant's evidence raised the permissible inferences that one defendant entered the affray in response to screams of her daughter for help and in an effort to defend her, and that the other defendant, a number of shots having been fired, shot deceased in defense of his sister-in-law, inflicting fatal injuries. *Held:* It was incumbent upon the court to charge the jury upon the right of defendants to kill in defense of the vic-

tim of the assault, which right was coextensive with the right of the victim of the assault to act in her own self-defense, and the failure of the court to give instructions on this aspect of the case is prejudicial error.

APPEAL by defendants L. L. Hodges and Burlie Gosnell from *Riddle, S.J.,* July, 1961, Term, MADISON Superior Court.

Criminal prosecution upon a bill of indictment charging the defendants and Dorothy Mae Gosnell with the murder of Creanes Gosnell. Upon arraignment, the defendants pleaded not guilty.

The evidence disclosed that the deceased, Creanes Gosnell, and the defendant, Burlie Gosnell, were husband and wife, though living in a state of separation. Dorothy Mae Gosnell is their daughter. Bertha Mae Hodges is another daughter. The defendant L. L. Hodges is a brother of Wade Hodges — Bertha Mae's husband. The evidence indicates that bad feeling existed between Creanes Gosnell on the one hand, and his wife, daughters and Wade Hodges, (not involved) on the other hand.

Prior to November 12, 1960, Burlie Gosnell lived in the home of Celola Ramsey on U. S. Highway No. 70 near Marshall. Dorothy Mae Gosnell, Bertha Mae Hodges and the defendant L. L. Hodges lived in the same household in Kingsport, Tennessee. The deceased, Creanes Gosnell, lived in the home of his brother, Suard Gosnell, near Marshall.

In the afternoon of November 12, 1960, the defendant L. L. Hodges, his sister-in-law, Bertha Mae Hodges, and Dorothy Mae Gosnell came to the Ramsey home for the purpose of delivering a washing machine to Burlie Gosnell. While the machine was being unloaded from the Hodges' Jeep, the deceased passed in his automobile on two or more occasions. Shortly before the difficulty he drove by again with his brother Suard Gosnell, and parked at a filling station near the Ramsey home. As to what happened thereafter, the evidence is conflicting.

According to the defendants' version, Dorothy Mae Gosnell, knowing her father was armed and had made threats against her mother and Hodges, and fearing he had stopped to carry them out, she, as a peacemaker, approached her father's automobile to remonstrate with him not to cause any trouble; that the deceased and his brother, both armed with pistols, violently assaulted her with their fists, seized her, threw her into the back seat of the automobile where Suard held her; that she screamed, and continued to scream for help. Burlie Gosnell, in answer to Dorothy's call, secured a pistol and started to the rescue. As she was approaching the automobile, Suard Gosnell shot at her through the rear glass. Dorothy Mae scuffled with him for possession of his pistol. In the meantime, Creanes Gosnell began shooting

at Burlie Gosnell, who fired some shots at the deceased. Bertha Mae Hodges, unarmed, started to the scene of the difficulty. Thereupon the deceased began shooting at her. At this stage the defendant L. L. Hodges took a rifle from his Jeep, advanced towards the trouble, fired one shot in the ground to warn the deceased not to fire again at Bertha; but when the warning was not heeded, he fired a shot at the deceased's legs. One bullet,. apparently from Hodges' rifle, struck Creanes Gosnell in the groin, causing his death later on that day.

At the close of all the evidence the defendants' demurrer thereto was sustained as to Dorothy Mae Gosnell but overruled as to the appellants. The jury convicted L. L. Hodges of murder in the second degree and Burlie Gosnell of manslaughter. From the judgments imposed, the defendants appealed.

*T. W. Bruton, Attorney General, G. A. Jones, Jr., Asst. Attorney General, for the State.*

*A. E. Leake, Elmore & Martin, By: Harry C. Martin, for defendants, appellants.*

HIGGINS, J.   The trial court in the charge to the jury accurately reviewed the evidence and correctly instructed the jury as to the law governing murder and manslaughter. The court likewise charged as to the right of each defendant to defend his or her self. However, the court failed to charge or refer to any conditions or circumstances under which Burlie Gosnell might fight in defense of her daughter, or L. L. Hodges in defense of his brother's wife.

The defendants' evidence, heretofore quoted in the statement of facts, tends to show that Burlie Gosnell entered the fight by reason of the screams of her daughter for help and in an effort to defend her. She did not claim that she entered the difficulty in defense of herself. Likewise, the evidence tends to show that L. L. Hodges shot in defense of his sister-in-law and not in defense of himself. These are permissible inferences from the defendants' evidence. The credibility of the evidence is for the jury — not for the court. Hence the State's evidence is omitted.

The defendants' evidence required the court to charge the jury that if Dorothy Mae Gosnell was assaulted by the deceased or by the deceased and his brother Suard, acting in concert, under such circumstances as entitled Dorothy to fight in self-defense, then the mother, Burlie Gosnell, would have an equal right to defend her daughter. The mother's right was coextensive with the right of the daughter to defend herself. *State v. Anderson,* 222 N.C. 148, 22 S.E. 2d 271. "*Non constat* the defendant relied upon his right to defend his wife

and not upon his right to kill in his own necessary defense, the court reiterated the charge that the jury must convict unless they found the defendant was fighting in his own defense — a plea not made, and unsupported by evidence. . . . As the evidence favorable to the defendant tends to indicate that defendant acted in defense of his wife, instructions as to his right to defend himself are inapplicable and misleading." (Citing *State v. Lee*, 193 N.C. 321, 136 S.E. 877.)

Likewise this Court held in *State v. Mosley*, 213 N.C. 304, 195 S.E. 830: "1. That one may kill in defense of himself or his family when necessary to prevent death or great bodily harm. . . . 2. That one may kill in defense of himself or his family when not actually necessary to prevent death or great bodily harm, if he believes it to be necessary and has a reasonable ground for the belief."

The foregoing rules apply to the right of Burlie Gosnell to defend her daughter and likewise to the right of L. L. Hodges to defend his brother's wife who was a member of his household. *State v. Cloud*, 254 N.C. 313, 118 S.E. 2d 789.

The learned judge inadvertently failed to charge the jury with respect to the rights of the defendants to defend the members of their families. The failure so to charge is the subject of Assignment of Error No. 15. The assignment is sustained. The defendants are entitled to a
New trial.