STATE OF NORTH CAROLINA v. JESSE EVERETT ALLEN

No. 7211SC473

(Filed 20 September 1972)

1. Criminal Law § 26; Constitutional Law § 34— double jeopardy — when it attaches

Jeopardy attaches in North Carolina when a defendant is placed on trial: (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been impaneled and sworn to make true deliverance in the case.

**2. Constitutional Law § 34— mistrial — second trial for same offense — double jeopardy**

    The second trial of defendant for first degree murder after the first trial ended in mistrial when the State introduced evidence of the murder of one "Evin H. Parrish," the indictment having charged the murder of "Ervin H. Parrish," violated defendant's right against double jeopardy.

ON *certiorari* to review the judgment of *Clark, Judge,* 29 November 1971 Session of Superior Court held in JOHNSTON County.

On 3 November 1969, defendant was charged in a warrant with the crime of murder in the first degree of one "Evin H. Parrish." At the 1 December 1969 Session of the Superior Court of Johnston County the Grand Jury returned a true bill of indictment for murder in the first degree, charging the murder of a person whose name appeared in the indictment as "Ervin H. Parrish." The defendant was arraigned and the case continued one term session.

At the 7 December 1970 Session of Superior Court of Johnston County the defendant, represented by counsel, attempted to plead guilty to murder in the second degree; however, Judge Bailey disallowed the plea asserting the defendant was pleading not guilty by reason of self-defense. The defendant was placed in custody.

At the 15 February 1971 Session of Superior Court of Johnston County, the defendant was arraigned, pleaded not guilty and was placed on trial before a duly empaneled jury for the capital crime of murder. The Solicitor for the State called the first witness who was asked if he knew "Evin H. Parrish." Defendant objected on the ground that the victim of the crime of murder alleged in the bill of indictment was therein identified as "Ervin H. Parrish."

After colloquy between court and counsel the court, "in its discretion," ordered a juror withdrawn and declared a mistrial. Defendant excepted to the order. The State excepted to the order of mistrial and gave notice of appeal. The dismissal of the State's attempt to appeal is reported in *State v. Allen,* 279 N.C. 492, 183 S.E. 2d 659.

On 29 November 1971, the Solicitor obtained a new indictment charging defendant with the crime of murder in the second

---

---

degree of "Evin H. Parrish." The defendant entered a plea of former jeopardy which was denied by Judge Clark. Thereafter, defendant pleaded "not guilty" and the jury returned a verdict of guilty of voluntary manslaughter. Judgment was entered imposing an active prison sentence. Defendant's petition for certiorari to perfect his appeal was allowed.

*Attorney General Robert Morgan, by Assistant Attorney General Christine Y. Denson for the State.*

*T. Yates Dobson, Jr. for defendant appellant.*

VAUGHN, Judge.

Defendant assigns as error that his plea of former jeopardy was denied.

The common law principle that no person can be twice put in jeopardy of life or limb for the same offense is now guaranteed by both the federal and the state constitutions. *State v. Cutshall,* 278 N.C. 334, 180 S.E. 2d 745. *State v. Prince,* 63 N.C. 529.

[1] Jeopardy attaches in North Carolina when a defendant is placed on trial: (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been impaneled and sworn to make true deliverance in the case. *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838.

[2] If jeopardy attached during the proceedings before Judge Godwin on 15 February 1971, defendant could not again be placed on trial on a new bill of indictment for the same slaying and his plea of former jeopardy should have been sustained by Judge Clark. The proceedings before Judge Godwin are set out in some detail in *State v. Allen, supra.* In that opinion the court stated " . . . the order of mistrial stands albeit the record will not support the premise upon which it is based." It clearly appears that defendant was placed on trial for a capital offense before a court of competent jurisdiction, was arraigned and pleaded not guilty. A jury was duly impaneled and sworn and the State introduced evidence. The bill of indictment was valid and charged defendant with the murder of the same person for whose death he was tried in the present case. *State v. Gibson,* 221 N.C. 252, 20 S.E. 2d 51. *State v. Reynolds,* 212 N.C. 37, 192 S.E. 871. *State v. Drakeford,* 162 N.C. 667, 78 S.E. 308.

The mistrial was entered without the consent and over the objection of defendant. The category of circumstances under which the court in a capital case may, without proscribing defendant's opportunity to plead former jeopardy at a subsequent trial for the same offense appears to be well settled. See *State v. Birckhead, supra* and *State v. Crocker,* 239 N.C. 446, 80 S.E. 2d 243. The reason given in Judge Godwin's order does not fall within the category.

On the prior appeal the court was faced with an attempt by the State to appeal from the order of mistrial. Such an appeal is prohibited by G.S. 15-179 and the same was dismissed. The court stated: "The remaining question debated in the briefs, whether upon a retrial defendant will be entitled to his release upon a plea of former jeopardy, does not arise upon this record." The question does arise on the present record and in obedience to well-established precedent must be answered in the affirmative.

The Attorney General, although candidly conceding the dilemma faced by the State, valiantly argues alternative theories upon which the present judgment might be affirmed or a new trial allowed on the original bill of indictment. It suffices to say that neither theory affords this court such opportunity. The constitutions of the United States and of the State of North Carolina, as interpreted by a long line of decisions by the Supreme Court of North Carolina, compel a contrary result. Defendant's plea of former jeopardy should have been sustained. The judgment from which defendant appealed is reversed.

Reversed.

Judges MORRIS and GRAHAM concur.