STATE OF NORTH CAROLINA v. RESPESS SPENCER

No. 732SC340

(Filed 23 May 1973)

Homicide § 28— failure to instruct on defense of others — prejudicial error
  Where there was evidence that would permit the jury to find that defendant entered an affray and shot deceased only after deceased grabbed defendant's brother, hit him in the head with a pistol, shot the brother twice and then threatened to kill him, the trial court committed prejudicial error in failing to instruct as to the circumstances under which defendant could lawfully go to the aid of and act in defense of his brother.

APPEAL by defendant from *Tillery, Judge,* 27 November 1972 Session of Superior Court held in BEAUFORT County.

Defendant was convicted of murder in the second degree and sentenced to imprisonment for twenty years.

*Attorney General Robert Morgan by E. Thomas Maddox, Jr., Associate Attorney, for the State.*

*John A. Wilkinson for defendant appellant.*

VAUGHN, Judge.

Defendant's assignments of error based on the denial of his motions for a directed verdict are overruled. Evidence introduced by the State was sufficient to go to the jury and sustain

the verdict rendered. Because there must be a new trial, however, we will not discuss the evidence except to the extent necessary to point out the prejudicial error on which we base our decision.

There was some evidence which would permit, but certainly not compel, the jury to find the following. Defendant was seated in the rear of a place called Moore's Snack Bar playing cards. Deceased came up to Lesley Spencer, brother of defendant, who was on the sidewalk in front of the snack bar. Deceased grabbed Lesley in the collar, hit in the head with a pistol and fired one shot in the ground. Deceased then shot Lesley twice and said that he would have to kill him. Defendant came out of the building. Defendant, deceased and Lesley struggled over the gun. Defendant got the gun and shot deceased. In the course of the charge, the judge instructed the jury as follows.

"Now, in order to excuse the killing entirely on the ground of self-defense, the defendant Respess Spencer must satisfy you of three things:

First, that he himself was not the aggressor. If he voluntarily entered into the fight he was the aggressor unless he thereafter attempted to abandon the fight and gave notice to Bill Ward that he was doing so. . . ."

Defendant contends, and we agree, that it was prejudicial error for the judge to fail to give any instructions as to the circumstances under which this defendant could lawfully go to the aid of and act in defense of his brother.

"As the evidence favorable to the defendant tends to indicate that defendant acted in defense of his wife, instructions as to his right to defend himself are inapplicable and misleading. *S. v. Lee,* 193 N.C. 321, 136 S.E. 877. The court should have instructed the jury adequately on the law of self-defense *as it is applicable to the facts in the case.* 'The correctness of the instructions given is determined by the rules of law governing the right of self-defense as applied to the situation developed by the evidence.' " *State v. Anderson,* 222 N.C. 148, 22 S.E. 2d 271.

We have reviewed only a portion of the evidence. There was other evidence from which the jury might find that defendant's brother was the aggressor or that indeed both defendant and his

brother were aggressors. There is other evidence from which the jury may conclude that deceased had abandoned the struggle, was attempting to run away and was killed after all danger to defendant or his brother had passed. The truth of the evidence, however, is for determination by the jury after the court properly declares and explains the law arising on the evidence given in the case then being tried.

New trial.

Judges CAMPBELL and MORRIS concur.