STATE OF NORTH CAROLINA v. LESLIE SPENCER

No. 732SC317

(Filed 21 June 1973)

**Criminal Law § 9— new trial for principal — new trial required for aider and abettor**

> Where defendant was convicted of second degree murder as an aider and abettor, and the conviction of the principal has been vacated by an order for a new trial, a new trial must also be ordered for defendant since he cannot be convicted of aiding and abetting unless the principal is also convicted.

APPEAL by defendant from *Tillery, Judge,* 27 November 1972 Session of Superior Court held in BEAUFORT County.

Defendant was convicted, along with his brother, of murder in the second degree. The case against this defendant was submitted to the jury upon the theory of aiding and abetting his brother, Respess Spencer, in committing the homicide.

The evidence tended to show that Respess Spencer shot the deceased and that Leslie Spencer aided and abetted Respess Spencer. Leslie Spencer and Respess Spencer were tried jointly, but filed separate appeals. Error was found in the trial on Respess Spencer's appeal (No. 732SC340, Court of Appeals, Opinion filed 23 May 1973) and he was awarded a new trial.

*Attorney General Morgan, by Special Counsel Moody, for the State.*

*McMullan, Knott & Carter, by W. B. Carter, Jr., for the defendant.*

BROCK, Judge.

We find no merit in defendant's argument that the evidence shows he was a mere bystander and did not aid and abet in the commission of the homicide. In our view, the trial judge properly submitted the case against defendant to the jury upon the theory of aiding and abetting.

However, the conviction of the principal has been vacated by an order for a new trial. Therefore, a new trial as to this defendant must also be ordered. The defense asserted by Respess Spencer was that in killing the deceased he was acting in self-defense and in defense of his brother Leslie Spencer. Leslie

Spencer was found guilty solely upon the grounds that he aided and abetted Respess Spencer. Therefore, if Respess Spencer is not convicted upon his new trial, Leslie Spencer should not stand convicted. *State v. Gainey*, 273 N.C. 620, 160 S.E. 2d 685. It follows that the prejudicial error in the trial of Respess Spencer constituted error prejudicial to this defendant.

New trial.

Judges BRITT and PARKER concur.