STATE OF NORTH CAROLINA v. LESLEY SPENCER

No. 742SC134

(Filed 1 May 1974)

**Homicide §§ 10, 28— defense of family member — failure to instruct**

> Trial judge in a murder case committed prejudicial error in failing to instruct the jury on the right to use force in defense of one's family.

APPEAL by defendant from *Fountain, Judge,* 20 August 1973 Session of Superior Court held in BEAUFORT County.

Defendant was indicted and tried for the murder of Harvey Ward. The jury found him guilty of manslaughter, and he was sentenced to a prison term of 12 to 15 years. He appealed to this Court.

*Attorney General Morgan, by Associate Attorney E. Thomas Maddox, Jr., for the State.*

*McMullan, Knott & Carter, by W. B. Carter, Jr., for defendant appellant.*

BALEY, Judge.

The State contends that Harvey Ward was shot and killed by defendant's brother, Respess Spencer, and that defendant aided and abetted in the killing. Defendant could not be convicted as an aider and abettor, however, unless the jury first found that Respess Spencer was guilty of murder or manslaughter. Defendant contends (and his evidence tends to show) that Respess Spencer could not be guilty, because when he shot Harvey Ward he did so to protect defendant, who was being attacked by Ward.

North Carolina law recognizes that "a person may not only take life in his own defense, but he may also do so in defense of another who stands in a family relation to him." *State v. Carter,* 254 N.C. 475, 478, 119 S.E. 2d 461, 464; *accord, State v. Todd,* 264 N.C. 524, 142 S.E. 2d 154; *State v. Holloway,* 7 N.C. App. 147, 171 S.E. 2d 475. But the trial judge did not instruct the jury on this issue. He charged extensively on the right of self-defense, but he made no mention of the right to use force in defense of one's family. The failure to instruct the jury on this fundamental issue of the case constitutes prejudicial error. *State v. Anderson,* 222 N.C. 148, 22 S.E. 2d 271; *State v. Dills,* 196 N.C. 457, 146 S.E. 1; *State v. Spencer,* 18 N.C. App. 499, 197 S.E. 2d 232; *State v. Spencer,* 18 N.C. App. 323, 196 S.E. 2d 573.

Because of this error in the court's charge, defendant is entitled to a new trial.

New trial.

Chief Judge BROCK and Judge PARKER concur.