Plaintiff's claim for revision of an otherwise compensable scar on his forehead was denied due to his failure to file it or request a hearing within two years following the accident. N.C.G.S. § 97-24(a) (as it existed prior to the 1994 amendment, effective as to injuries on and after July 5, 1994.) With the advantage of hearing the witnesses firsthand, the Deputy Commissioner determined that the filing of the claim was not delayed by any threat or promise of his employer. The record indicates that defendant timely filed the employer's report of the injury, and paid for the initial treatment, as well as tendering compensation for claimant's subsequent finger injury on August 1, 1992. Nothing in this latter file (I.C. No. 323971) refers to the subject injury. As this filing requirement is a condition precedent to the Commission's jurisdiction, it is not within our power to grant plaintiff's request. Winslow v. CarolinaConference Ass'n, 211 N.C. 571, 191 S.E.2d 403 (1937).
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at the time of plaintiff's injuries.
2. An employer-employee relationship existed at all relevant times.
3. The employee's average weekly wage at the time of his injury was $260.00.
4. The parties agreed to stipulate, and the hearing Deputy took judicial notice of the following Industrial Commission Forms 19, 28B, 33, and 33R.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff was employed by the defendant-employer as a machinist on March 1, 1991. On March 1, 1991, plaintiff was injured when a piece of wood struck his forehead. Plaintiff was treated at the emergency room of the local hospital and released the same day to unrestricted work.
2. Plaintiff continued to work without incident following his March 1, 1991 injury. Plaintiff's last date of employment with defendant-employer was April 15, 1993. Plaintiff began working for another employer in May 1993. Plaintiff's average weekly wage with his new employer is $720.00.
3. Plaintiff prepared and forwarded an I.C. Form 33 on April 15, 1993, requesting that his claim be assigned for hearing.
4. Defendants, in a timely fashion, raised N.C.G.S. § 97-24
as a jurisdictional defense to plaintiff's claim.
5. Plaintiff alleged at the hearing that his employer, Mr. Jack Lambert, threatened to terminate him if he filed a claim for his disfigurement. Plaintiff further alleged that he quit his job due to this alleged threat, and did not file a claim until after March 1, 1993.
6. Plaintiff alleges that defendants should be estopped from raising N.C.G.S. § 97-24 as a defense because his employer threatened to fire him if he pursued his claim. Mr. Jack Lambert, testified at the hearing that he did not threaten plaintiff with loss of his job if he pursued the claim, or provide plaintiff with any assurances that his rights were being protected or that everything was being taken care of for him by defendants. Based upon the evaluation of the hearing Deputy, the plaintiff has failed to prove by the greater weight of the evidence that defendants took any action to mislead, coax or threaten plaintiff not to file a claim within the two-year period of time mandated by N.C.G.S. § 97-24(a).
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff's claim for benefits under the North Carolina Workers' Compensation Act is barred due to plaintiff's failure to file this claim with the Industrial Commission within two years of his March 1, 1991 accident. The two-year limitation period is a condition precedent to the right of compensation, and plaintiff's failure to timely file this claim creates a jurisdictional bar to the right to receive compensation. N.C.G.S. § 97-24(a). See alsoParker v. Thompson-Arthur Paving Co., 100 N.C. App. 367,396 S.E.2d 626 (1990).
2. Plaintiff was not misled or coaxed into believing that his workers' compensation claim was being taken care of, nor was plaintiff threatened by his employer with the loss of his job if he filed a workers' compensation claim. Therefore, defendants are not estopped from raising N.C.G.S. § 97-24 as a defense in this matter.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim for compensation pursuant to the Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________________ LORRIE L. DOLLAR DEPUTY COMMISSIONER
S/ ________________________ GEORGE T. GLENN, II DEPUTY COMMISSIONER
JRW/tmd 5/17/95